IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESUS RUIZ,

                Petitioner,

v.

R.D. KEYES,

                Respondent.

OPINION and ORDER

23-cv-37-jdp

---

Pro se petitioner Jesus Ruiz is a prisoner in the custody of the Federal Bureau of Prisons, currently housed at the Oxford Federal Correctional Institution. Ruiz has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which under certain circumstances allows a collateral attack on a federal conviction via the "savings clause" found in § 2255(e). The next step is to screen Ruiz's claim under Rule 4 of the Rules Governing Section 2254 Cases, which requires me to dismiss the petition if it plainly appears that Ruiz is not entitled to relief. *See* Rule 1(b), Rules Governing Section 2254 Cases (courts may apply Rule 4 to petitions brought under § 2241).

Ruiz seeks relief on the ground that an intervening change in statutory interpretation demonstrates that his sentence is unlawful. Ruiz's petition is foreclosed by the United States Supreme Court's recent decision in *Jones v. Hendrix*, where the Court held that federal prisoners who have previously moved to vacate their sentence under § 2255 cannot use the savings clause to file a § 2241 petition based on a new interpretation of a statute. Ruiz has filed several previous § 2255 motions, so the court does not have jurisdiction to hear Ruiz's statutory claims.

BACKGROUND

I draw the following facts from Ruiz's petition and publicly available case records, including from Ruiz's previous § 2241 petition filed in this court, *see Ruiz v. Williams*, No. 15-cv-372-jdp (W.D. Wis.).

In 1998, a jury in the Northern District of Illinois convicted Ruiz of several crimes arising from his role as an enforcer for a cocaine trafficking operation: conspiracy to commit racketeering, conspiracy to kidnap, kidnapping resulting in death, assaulting a federal officer, hostage taking, and three counts of using a firearm in a crime of violence. The district court sentenced Ruiz to seven concurrent life sentences for the kidnapping, hostage taking, and racketeering convictions, as well as a consecutive 45-year sentence for the firearm offenses. The sentence was affirmed on appeal.

A series of postconviction motions followed; I will summarize the most important events here. Ruiz filed a motion for postconviction relief under 28 U.S.C. § 2255 with his sentencing court in February 2001. The district court denied the motion, and the Court of Appeals for the Seventh Circuit denied Ruiz's request for a certificate of appealability. In 2014, Ruiz asked the court of appeals to authorize a second or successive § 2255 motion on the ground that recent Supreme Court decisions undermined his convictions. The court of appeals denied Ruiz's request.

Soon after, Ruiz filed a § 2241 petition in this court. His petition was based on a new rule of statutory law that was not established at the time he filed his first § 2255 motion. I denied his petition because each of his claims failed on procedural or substantive grounds. *See Ruiz*, 15-cv-372-jdp, Dkt. 23.

In 2016, Ruiz sought and received permission to file a second or successive § 2255 motion in his sentencing court, contending that a new rule of constitutional law showed that his conviction was unlawful. *See Ruiz v. United States*, 990 F.3d 1025, 1028 (7th Cir. 2021). The district court denied the petition. The court of appeals affirmed the district court and denied Ruiz's petition for rehearing en banc. *Ruiz v. United States*, 5 F.4th 839, 840 (7th Cir. 2021). While that appeal was pending, Ruiz filed three applications with the court of appeals asking for permission to file successive § 2255 motions based on new rules of constitutional law, all of which were denied.

Ruiz followed with this petition under § 2241.

## ANALYSIS

Ruiz contends that two Supreme Court decisions, *Rosemond v. United States*, 572 U.S. 65 (2014), and *Mathis v. United States*, 579 U.S. 500 (2016), establish new rules of statutory interpretation that undermine his sentence and convictions. *Rosemond* held that to aid and abet a firearm offense in relation to a crime of violence, the defendant must "actively participate" in the crime of violence with advance knowledge that an accomplice will carry a firearm. 572 U.S. at 67. Ruiz contends that the logic of *Rosemond* applies to the crime of aiding and abetting kidnapping, so the jury should have had to find that Ruiz knew that his co-conspirators intended to kidnap someone. Dkt. 1, at 31. Ruiz's *Mathis* argument is more difficult to follow. *Mathis* provided guidance on how to apply the "categorical approach" for determining whether a given state conviction qualifies as a predicate offense under federal recidivism statutes. But Ruiz's *Mathis* arguments are largely about whether the government proved the substantive elements of the federal crimes he was convicted of.

In any case, I cannot consider the merits of Ruiz's statutory law claims because he is barred from raising them in this petition. To collaterally attack a conviction or sentence, a federal prisoner must file a motion pursuant to 28 U.S.C. § 2255. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Section 2255(h) provides that a federal prisoner may not bring a second or successive motion challenging his sentence unless (1) there is newly discovered evidence sufficient to establish the petitioner's innocence; or (2) there is a new, retroactive rule of constitutional law that undermines the petitioner's conviction. *See Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022). A federal prisoner cannot file a successive § 2255 motion on the ground that there is a new retroactive rule of *statutory* law.

Ruiz has already filed several motions under § 2255, so he cannot file a new § 2255 motion based on his statutory claims. But Ruiz contends that his petition is authorized under § 2255(e), which is known as § 2255's savings clause. The savings clause allows a federal prisoner to petition under § 2241, the general habeas statute, if his § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022). In *In re Davenport*, the Court of Appeals for the Seventh Circuit interpreted the savings clause to allow prisoners to file claims based new statutory interpretation rules under § 2241, even if they had already sought relief under § 2255. 147 F.3d 605, 610 (7th Cir. 1998). The court reasoned that for a prisoner in that situation, § 2255 was inadequate to resolve the prisoner's statutory claim: the rule was not available to the prisoner at the time he filed his first motion, and he couldn't raise the issue in a new motion. *Id.*

That is no longer the law after the Supreme Court's recent decision in *Jones v. Hendrix*, 2023 WL 4110233 (U.S., 2023). In that case, the Court expressly overruled *Davenport* (and cases from other courts of appeals that reached the same conclusion) and decided that the

4

savings clause does not permit a federal prisoner to file a petition based on a new rule of statutory law under § 2241 if he has already filed a motion under § 2255. *Id.* at *7 (citing *Davenport* and concluding that "the saving clause does not authorize such an end-run around [section 2255(h).]").

*Jones* is binding on this court. *See Agostini v. Felton*, 521 U.S. 203, 237–38 (1997). And although *Jones* was decided after Ruiz filed his petition, the rule in *Jones* applies to his claim: courts must "apply the law as it now is." *Molnar v. Booth*, 229 F.3d 593, 599 (7th Cir. 2000). Under *Jones*, a federal prisoner may file a successive collateral attack on his sentence only under the two circumstances listed in § 2255(h): either (1) newly discovered evidence of innocence; or (2) a new, retroactive rule of constitutional law. *Jones*, 2023 WL 4110233, at *9. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* Ruiz has not received certification from the court of appeals that his claim contains new evidence or a new rule of constitutional law, so I must dismiss his unauthorized petition for lack of jurisdiction. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018); *Jones*, 2023 WL 4110233, at *4 (affirming dismissal of § 2241 petition on jurisdictional grounds).

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Although "federal prisoners proceeding under § 2241 need not obtain a certificate of appealability," Ruiz is not authorized to proceed under § 2241 because he has not shown that § 2255 is inadequate or ineffective to test his detention. *See Rengifo v. Caraway*, 798 F.3d 532, 535 n.3 (7th Cir. 2015). Under those circumstances, Ruiz cannot appeal this order without a certificate of appealability. *See id.* (district court "mistakenly believed that a certificate of appealability was not necessary"

5

where prisoner was not authorized to bring a § 2241 petition). To obtain a certificate, Ruiz must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). In light of *Jones*, Ruiz is not authorized to bring his statutory claims under § 2255(e) and § 2241, so I must dismiss his petition for lack of jurisdiction. Reasonable jurists would not disagree about this outcome, so I will not issue Ruiz a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Jesus Ruiz's petition for a writ of habeas corpus under § 2241, Dkt. 1, is DISMISSED for lack of jurisdiction.

2. Ruiz's motion to expedite screening of his petition, Dkt. 2, is DENIED as moot.

3. A certificate of appealability is DENIED. If Ruiz wishes, he may seek a certificate from the court of appeals pursuant to Federal Rule of Appellate Procedure 22.

Entered July 26, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge